# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2022

Lyle W. Cayce
Clerk

No. 22-60056
Summary Calendar

David Antonio Loza-Aguilar,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 455 367

Before Stewart, Duncan, and Wilson, *Circuit Judges.*

Per Curiam:*

David Antonio Loza-Aguilar, a native and citizen of El Salvador, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from a decision of the immigration judge denying him asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review for substantial evidence, *see Zhang v. Gonzales,*

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60056

432 F.3d 339, 344 (5th Cir. 2005), and we consider the IJ's decision only insofar as it influenced the BIA, *see Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Loza-Aguilar reiterates his testimony before the immigration court that he was threatened once in 2011 and beaten once as a worker for a political party before the 2012 elections in El Salvador. He does not dispute that this single beating lasted only approximately 20 seconds and that he did not require medical care after this incident. On this record, substantial evidence supports the BIA's conclusion that the harm did not amount to past persecution. *See Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020); *Zhang*, 432 F.3d at 344; *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2005). As to his fear of future persecution, Loza-Aguilar fails to argue, much less cite evidence in the record showing, that any individual or group in El Salvador wishes to harm him should he return so as to compel a conclusion contrary to the BIA's determination that he failed to show a likelihood of future persecution. *See Sanchez-Amador v. Garland*, 30 F.4th 529, 533–34 (5th Cir. 2022).

Because Loza-Aguilar's failure to show past persecution or a well-founded fear of future persecution is dispositive of his requests for asylum, this court need not consider his remaining arguments on that issue. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam). Moreover, Loza-Aguilar's failure to satisfy the asylum standard, *see Zhang*, 432 F.3d at 344, prevents him from satisfying the more stringent standard for withholding of removal, *see Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

As to his CAT claim, Loza-Aguilar contends that gang and state security force violence is increasing in El Salvador, and that unspecified persecutors "do not relent with their targets." These vague and conclusory contentions do not compel a conclusion, contrary to that of the BIA, that it is

No. 22-60056

more likely than not that Loza-Aguilar will be subject to torture with the consent or acquiescence of the Honduran government upon repatriation. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).

The petition for review is DENIED.